## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GRAPHIC PACKAGING INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) ) |
| C.W. ZUMBIEL CO., an Ohio corporation, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Graphic Packaging International, Inc. ("Graphic Packaging") hereby presents its Complaint in the above-captioned action, alleging as follows:

## THE PARTIES

1.

Plaintiff Graphic Packaging is a Delaware corporation, and has a regular and established place of business at 814 Livingston Court, Marietta, Georgia 30067.

2.

Defendant C.W. Zumbiel Co. ("Zumbiel") is an Ohio corporation with its principal place of business at 2339 Harris Avenue, Cincinnati, Ohio 45212.

3.

Zumbiel manufactures, offers to sell and/or sells and distributes the carton products accused of infringement herein.  Zumbiel is actively engaged in conducting business within the State of Georgia, including within this district and division.

## JURISDICTION AND VENUE

4.

This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271.

5.

This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 1 *et seq*.

6.

Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

7.

This Court has personal jurisdiction over Zumbiel, and venue is proper in this District, because Zumbiel actively and regularly conducts business within the State of Georgia and within this District, and infringement is occurring within the State of Georgia and this District.  In addition, the Court has personal jurisdiction over Zumbiel because Zumbiel has established minimum contacts with the forum, and the exercise of jurisdiction over Zumbiel would not offend traditional notions of fair play and substantial justice.  Upon information and belief, Zumbiel knowingly and intentionally participates in a stream of commerce into Georgia, including sales of the accused products.

8.

Zumbiel manufactures carton blanks (hereinafter referred to as "Zumbiel Blanks"), some of which are formed into carton sleeves.  Zumbiel sells the Zumbiel Blanks, or the formed carton sleeves, to one or more customers. Zumbiel's customers, within the United States, either form the Zumbiel Blanks into sleeves, or use the pre-formed sleeves, and then fill the sleeves with

containers, such as cans containing foodstuffs, such as beverages, and close the ends of the sleeves to form cartons (hereinafter referred to as "Zumbiel Cartons"). Such customers then supply the packages containing the cans, including the Zumbiel Cartons, to consumers.

**COUNT I - INFRINGEMENT OF U.S. PATENT NO. 8,302,811**

9.

Graphic Packaging incorporates herein the allegations of paragraphs 1-8, above.

10.

On November 6, 2012, United States Patent No. 8,302,811 (the "'811 Patent") was duly and legally issued to Graphic Packaging and entitled "CARTON WITH AN IMPROVED DISPENSING FEATURE." A true and accurate copy of the '811 Patent is appended hereto as Exhibit A.

11.

Graphic Packaging is the owner, by assignment, of all right, title and interest in the '811 Patent, and has the right to bring suit for patent infringement thereon.

12.

The Zumbiel Blanks infringe one or more claims of the '811 Patent. Zumbiel has therefore directly infringed the '811 Patent by making, using, offering to sell and/or selling, the Zumbiel Blanks within the United States, in violation of 25 U.S.C. § 271(a) (2001).

13.

Upon information and belief, Zumbiel is making unlawful gains and profits from its infringement of the '811 Patent.

14.

Graphic Packaging has suffered damages by reason of Zumbiel's infringement of the '811 Patent for which Graphic Packaging is entitled to relief under 35 U.S.C. § 284, and will suffer additional and irreparable damages unless Zumbiel is enjoined preliminarily and permanently by this Court from continuing its infringement.

15.

Zumbiel's acts of infringement have caused and continue to cause irreparable harm to Graphic Packaging. Graphic Packaging does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Graphic Packaging prays:

(a) that Zumbiel be declared to have infringed one or more claims of the '811 Patent;

(b) that the Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 (2001) against the continuing infringements of the claims of the '811 Patent by Zumbiel, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

(c) that the Court order an accounting for all monies received by or on behalf of Zumbiel and all damages sustained by Graphic Packaging as a result of Zumbiel's aforementioned infringements, that such monies and damages be awarded to Graphic Packaging, and that interest and costs be assessed against Zumbiel pursuant to 35 U.S.C. § 284;

(d) that the Court declare this an exceptional case and order that Zumbiel pay to Graphic Packaging its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

(e) that the Court award such further and other relief to Graphic Packaging as the Court deems just, together with its costs and disbursements in this action.

## DEMAND FOR A JURY TRIAL

Pursuant to FED. R. CIV. P. 38, Graphic Packaging hereby demands trial by jury as to all issues so triable in this action.

Respectfully submitted, this 31st day of January, 2013.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

/s/  James F. Vaughan
James F. Vaughan
GA Bar No. 726,075
271 17th Street, Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Facsimile:  (404) 870-8178

Counsel for Plaintiff Graphic Packaging International, Inc.