IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRAPHIC PACKAGING INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>C.W. ZUMBIEL CO., an Ohio corporation,<br><br>Defendant. | Civil Action No. 1:13-cv-00338-AT |

## CONSENT JUDGMENT AND ORDER

The above-captioned civil action is before the Court on the Parties' Joint Motion for Entry of Consent Judgment and Order. It appearing to the Court that the Parties have consented hereto and for good cause shown, the motion is hereby GRANTED.

It is hereby **ORDERED, ADJUDGED, AND DECREED**, that:

1. All claims and counter-claims alleged by the Parties in this above-captioned action are hereby dismissed with prejudice subject to the terms of this Consent Judgment and Order and a Settlement and Patent License Agreement between the Parties dated August 26, 2013 ("Settlement Agreement").

2. The Court retains jurisdiction over this action and the Parties thereto

for the purpose of enforcing the terms of this Consent Judgment and Order and the terms of the Settlement Agreement.

3. This Consent Judgment and Order is intended to and shall constitute, for purposes of 35 U.S.C. § 317(b)(2002), a final, enforceable, and non-appealable decision entered against a party (i.e., C.W. Zumbiel Co. ("Zumbiel")) in a civil action arising in whole or in part under Section 1338 of Title 28.

4. Zumbiel has not sustained its burden of proving the invalidity of any patent claim in suit, with all claims (1-196) of United States Patent No. 8,302,811 ("the '811 Patent") having been in suit.

5. Zumbiel has not sustained its burden of proving the invalidity of any patent claim of the '811 Patent on the basis of issues and/or art which Zumbiel or its privies raised or could have raised in the suit.

6. This Consent Judgment and Order is final, enforceable, non-appealable, and will not be appealed.

7. Graphic Packaging expressly reserves the right to assert future claims for infringement of the '811 Patent that may occur after the "License Period" ends against any Zumbiel "Licensed Product" (as those terms are defined and described in the Settlement Agreement), including without limitation against those products or services included in this

suit. If Graphic Packaging asserts infringement of the '811 Patent against any Zumbiel "Licensed Product" after the "License Period" ends, including without limitation those products or services included in this suit, Zumbiel reserves all defenses and counterclaims.

8. Graphic Packaging expressly reserves the right to assert at any time claims for infringement of the '811 Patent against any Zumbiel products or services that are not a "Licensed Product." If Graphic Packaging asserts infringement of the '811 Patent against any Zumbiel products or services that are not a "Licensed Product," Zumbiel reserves all defenses and counterclaims.

9. Each party shall bear its own costs, attorneys fees, and expenses of this action.

**SO ORDERED**, this the 29th day of August, 2013.

_____
AMY TOTENBERG
United States District Judge